UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| EDWARD P. KINER, | ) | |
|       Petitioner, | ) | |
| v. | ) | No. 2:14-cv-274-JMS-WGH |
| LOUR JOHNSON, | ) | |
|       Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

"A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975). Edward Kiner, an Indiana inmate, filed this habeas action to vindicate his belief that a prison disciplinary proceeding identified as No. REF 14-06-0002 is tainted with constitutional infirmities. As explained below, however, Kiner has failed to establish such infirmities and his petition for writ of habeas corpus will therefore be denied.

**Discussion**

In a setting such as presented by Kiner, due process requires that certain procedural safeguards be observed and that the decision be support by a minimum quantity of evidence.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed–Bey v.*

*Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445, 105 S. Ct. 2768, 86 L.Ed.2d 356 (1985).

The pleadings and the expanded record in this case show that on June 2, 2014 Kiner was charged with "intoxicants," that this charge was based on the reporting officer having seen Kiner in possession of a broken brown cigarette containing a green leafy substance at approximately 2:00 a.m. on the date the conduct report was issued. A hearing officer found Kiner guilty of the charged misconduct and imposed sanctions, including the loss of earned good time.

The expanded record shows that the evidence was sufficient based solely on the clear first-hand account of the reporting officer, *see Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."), and that the procedural protections required by *Wolff* were provided. This means that (1) Kiner was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer and reviewing authority issued sufficient statements of its findings, and (3) the hearing officer issued a written reason for his decision and for the sanctions which were imposed. Kiner's contentions otherwise are refuted by the expanded record, including his contentions that the evidence was insufficient because no forensic test was conducted on the seized item, *see Freitas v. Auger,* 837 F.2d 806, 812 n.13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings); *see also United States v. Sanapaw,* 366 F.3d 492, 496 (7th Cir. 2004) (holding that, even in a criminal trial, forensic testing is not necessary to prove the identity of controlled substances so long as the

other evidence, both circumstantial and direct, is sufficient), and that the reporting officer misbehaved when confronting Kiner with the contraband.

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Kiner to the relief he seeks. The expanded record refutes Kiner's arguments that he was denied the protections afforded by *Wolff* and *Hill.* Accordingly, his petition for writ of habeas corpus must be denied.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 05/12/2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Edward P. Kiner
#114860
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

Electronically Registered Counsel